E-FILED
Wednesday, 08 December, 2021  03:02:46 PM
Clerk, U.S. District Court, ILCD

IN THE CIRCUIT COURT OF THE 14th JUDICIAL CIRCUIT OF ILLINOIS
ROCK ISLAND COUNTY

| | | |
|---|---|---|
| PAULA VALDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2021 L 112 |
| | ) | |
| QCA HOLDINGS, LLC; and | ) | |
| EASY STREET PROPERTY MANAGEMENT, LLC; | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| MATTHEW LARSON, | ) | |
| | ) | |
| Respondent-in-Discovery. | ) | |

## SUMMONS

**TO:    EASY STREET PROPERTY MANAGEMENT, LLC**
**c/o Frank L. Nowinski – Registered Agent**
**1000 36th Avenue**
**Moline, IL 61265**

You are summoned and required to file an answer to the Complaint at Law in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of this Court, 1317 3rd Avenue, Rock Island, IL 61201 within **thirty (30) days** after service of this Summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT AT LAW.**

**TO:    THE OFFICER:** This Summons must be returned by the Officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than **fourteen (14) days** before the day for appearance. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than **thirty (30) days** after its date.

WITNESS, _____11/3/2021_____, 2021.

_Tammy Weikert_ AG
_____ (seal of Court)

Patrick E. Halliday
Halliday McCall
1225 N. North Street
Peoria, IL 61606
Telephone:  (309) 673-1200
Facsimile:  (309) 673-1201
ARDC #: 6281828
patrick@hallidaymccall.com

1

## SERVICE FEES

Service and Return      $_____

Miles      _____

Total      $_____

I certify that I served this Summons on Defendant(s) as follows:

**(Check appropriate box, and complete information below.)**

\_\_\_\_ **A.**    **Individual Defendant(s)—Personal**

         By leaving a copy of the Complaint at Law with each individual defendant personally.

\_\_\_\_ **B.**    **Individual Defendant(s)—Abode**

         By leaving a copy and a copy of the Complaint at Law at the usual place of abode of each individual defendant with a person of his or her family, of the age of 13 years or upwards, informing that person of the contents and also by sending a copy of the Summons in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his or her usual place of abode.

\_\_\_\_ **C.**    **Corporation Defendant(s)**

         By leaving a copy of the Complaint at Law with the Registered Agent, an officer, or an agent of each defendant corporation.

\_\_\_\_ **D.**    **Other Service**

**Name of Person Being Served:**         **Name of Person Being Served:**

_____       _____

**Name of Person Summons Given To:**     **Name of Person Summons Given To:**

_____       _____

**Sex:**\_\_\_\_\_ **Race:**_____ **Age:**\_\_\_\_\_    **Sex:**\_\_\_\_\_ **Race:**_____ **Age:**_____

**Place of Service:**                **Place of Service:**

_____       _____

**Date of Service:**                 **Date of Service:**

_____       _____

**Time:**_____       **Time:**_____

**Date of Mailing:**_____       **Date of Mailing:**_____

            **By:**     _____

            **County:** _____

2

FILED
11/2/2021 10:32 AM
TAMMY WEIKERT, CIRCUIT CLERK
ROCK ISLAND COUNTY, IL

IN THE CIRCUIT COURT OF THE 14th JUDICIAL CIRCUIT
ROCK ISLAND COUNTY, ILLINOIS

PAULA VALDEZ,                )
                                    )
           Plaintiff,        )
                                      )
    Vs.                      )    Case No. 2021L112
                                      )
QCA HOLDINGS, LLC; and     )
EASY STREET PROPERTY MANAGEMENT, LLC;    )
                                      )
          Defendants,    )
                                      )
MATTHEW LARSON,         )
                                      )
          Respondent-In-Discovery.    )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, PAULA VALDEZ, by and through her attorneys, HALLIDAY MCCALL and complaining of the Defendants, QCA HOLDINGS, LLC, and EASY STREET PROPERY MANAGEMENT, LLC.  In support thereof, Plaintiff states as follows:

### COUNT I
**(Premises/Negligence – Paula Valdez v. QCA Holdings, LLC)**

1.      On or about November 2, 2019, and at all times material, Plaintiff, PAULA VALDEZ, was resident and/or guest and lawfully on the premises of the property otherwise known as a commercial and residential apartment complex located at 1524 38th Street, in the City of Rock Island, County of Rock Island, State of Illinois.

2.      At the aforesaid time and place, the Plaintiff, PAULA VALDEZ, was lawfully on said premises and held a lease with the Defendants, QCA HOLDINGS, LLC and EASY STREET PROPERTY MANAGEMENT, LLC.

3.     On or about November 2, 2019, and at all times material, the Defendant, QCA HOLDINGS, LLC, was an Illinois based company licensed to do business in Illinois and operated commercial and residential housing complexes and/or apartments.

4.     On or about November 2, 2019, and at all times material, the Defendant, QCA HOLDINGS, LLC T, owned, operated, managed and/or maintained and had a duty to own, operate, manage and/or maintain said property, both individually and by and/or through its agents, servants and/or employees, the property and premises located at 1524 38th Street, in the City of Rock Island, County of Rock Island, State of Illinois.

5.     At the aforesaid time and place, the Defendant, QCA HOLDINGS, LLC, individually and/or by and through its agents, servants and/or employees failed to properly maintain the aforementioned property and premises including the entrances and exits, all exterior walkways and outside gutters and building drainage in such a manner so as to avoid injury to individuals lawfully on the premises.

6.     At the aforesaid time and place, as the Plaintiff, PAULA VALDEZ, was lawfully exiting her residence at 1524 38th Street, Rock Island, IL, when she fell due to uneven exit and/or entrance that had unnatural ice and snow conditions, sustaining severe and permanent injuries.

7.     That in the days leading up to her fall, she repeatedly informed Defendant of the dangerous conditions surrounding the building including the sheets of ice at or near all the exits.

8.     At the aforesaid time and place, the Defendant, QCA HOLDINGS, LLC, individually and/or by and through its agents, servants and/or employees, had a duty to maintain the aforementioned property and premises, all walkways, entrances and exits to the building, as well as drainage and gutters, in a reasonably safe condition and free from unnatural accumulations of snow and ice for persons lawfully on said premises, including the Plaintiff PAULA VALDEZ.

-2-

9.     At the aforesaid time and place, the Defendant, QCA HOLDINGS, LLC, by and through its agents, servants and/or employees, disregarded said duty and caused the entrances and exits and all means of ingress and egress of said residence to become unreasonably dangerous with unnatural accumulations of snow and ice as they failed to properly maintain said conditions on the aforementioned property and premises including the removal of said ice and snow.

10.     The Defendant, QCA HOLDINGS, LLC, also allowed the exterior gutters and building drainage to become in a poorly maintained state allowing several leaks and pooling of water and ice rendering exits unsafe for use, and as a result of this dangerous condition, the Plaintiff fell causing severe injuries.

11.     That prior to November 2, 2019, the Plaintiff, PAULA VALDEZ, on multiple occasions informed Defendant, QCA HOLDINGS, LLC, and EAST STREET PROPERTY MANAGEMENT that she had a dangerous condition outside her residence and that neither took action in response to her requests for repair and for removal of the ice and snow as well as the defect creating said condition.

12.     At the aforesaid time and place, the Defendant, QCA HOLDINGS, LLC, as the owner and/or maintainer of the aforementioned property and premises, either individually or by and through its agents, servants and/or employees acted with less than reasonable care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a.    Improperly operated, managed, maintained and controlled its premises in failing to properly maintain the aforementioned entrances and exits on the premises;

    b.    Failed to provide level and even surfaces in the aforementioned entrances and exits of the premises for an unreasonable length of time;

    c.    Failed to warn the Plaintiff and other persons lawfully on said premises of the dangerous condition when Defendants knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff and others;

-3-

d.      Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises;

e.      Allowed the aforementioned premises to remain in a dangerously unstable condition, making entrances and exits unfit for passage, for an unreasonable length of time;

f.      Failed to maintain and ensure proper and safe drainage from the building to prevent unnatural accumulations of snow and ice located at or near the entrances and exits of said property;

g.      Failed to maintain the exits and entrances to the apartment and said property.

h.      Failed to timely and properly remove unnatural accumulations of snow and ice at the entrances and exits of said property;

i.      Negligently and improperly allows pools of ice to form at the entrances and exits of said building;

j.      Improperly ignored and failed to inspect said dangerous condition after being notified multiple times by plaintiff of the dangerous living conditions including the poor condition of the drainage and gutters;

k.      Improperly and negligently allowed a defect in the property to create unnatural accumulations of snow and ice at the entrances and exits of said property;

l.      Was otherwise careless and negligent in the operation of its premises.

13.      As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions by the Defendant, QCA HOLDINGS, LLC, the Plaintiff, PAULA VALDEZ, sustained severe and permanent injuries of a personal and pecuniary nature; both internally and externally, and was and will be hindered and prevented from attending to her usual duties and affairs of life, and has lost and will in the future lose value of that time as aforementioned.

14.      As a direct and proximate result of the aforesaid careless and negligent acts of the Defendant, QCA HOLDINGS, LLC, the Plaintiff, PAULA VALDEZ, then and there suffered great pain and anguish, both in mind and body and will in the future continue to suffer. The Plaintiff

-4-

further expended and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, PAULA VALDEZ, prays for judgment in his favor and against the Defendant, QCA HOLDINGS, LLC, in a sum in excess of Fifty Thousand ($50,000.00) Dollars and costs of this suit.

**COUNT II**
**(Premises/Negligence – Paula Valdez v. Easy Street Property Management, LLC)**

1.      Plaintiff restates and realleges paragraphs 1 through 11 of Count I as and for paragraphs 1 through 11 of this Count II.

12.      That on or about November 2, 2019, and at all times material, the Defendant, EASY STREET PROPERTY MANAGEMENT, LLC, was hired and/or contracted by co-Defendant, QCA HOLDINGS, LLC, to provide property management and maintenance services including the upkeep of commercial spaces, private residences and common areas accessible to Plaintiff, PAULA VALDEZ.

13.      That on or about November 2, 2019, and at all times material, the Defendant, EASY STREET PROPERTY MANAGEMENT, LLC, was responsible for maintaining the entrances and exits, flooring, building drainage and repairs of any nature of said property including, but not limited to, upkeep and repair, removal and replacement of dangerous property conditions including the removal of unnatural accumulations of snow and ice.

14.      That on or about November 2, 2019 and at all times material, the Defendant, EASY STREET PROPERTY MANAGEMENT, LLC, had a duty to maintain and upkeep the facility so as to prevent dangerous conditions from forming on the property and preventing injuries to those persons lawfully upon said premises.

15.     At the aforesaid time and place, the Defendant, EASY STREET PROPERTY

MANAGEMENT, LLC, by and through its agents, servants and/or employees acted with less than

reasonable care and was then and there guilty of one or more of the following careless and negligent

acts and/or omissions:

    a.    Improperly operated, managed, maintained and controlled its premises in failing to properly maintain the aforementioned entrances and exits on the premises;

    b.    Failed to provide level and even surfaces in the aforementioned entrances and exits of the premises for an unreasonable length of time;

    c.    Failed to warn the Plaintiff and other persons lawfully on said premises of the dangerous condition when Defendants knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff and others;

    d.    Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises;

    e.    Allowed the aforementioned premises to remain in a dangerously unstable condition, making entrances and exits unfit for passage, for an unreasonable length of time;

    f.    Failed to maintain and ensure proper and safe drainage from the building to prevent unnatural accumulations of snow and ice located at or near the entrances and exits of said property;

    g.    Failed to maintain the exits and entrances to the apartment and said property.

    h.    Failed to timely and properly removed unnatural accumulations of snow and ice at the entrances and exits of said property;

    i.    Negligently and improperly allowed pools of ice to form at the entrances and exits of said building;

    j.    Improperly ignored and failed to inspect said dangerous condition after being notified multiple times by plaintiff of the dangerous living conditions including the poor condition of the drainage and gutters;

    k.    Improperly and negligently allowed a defect in the property to create unnatural accumulations of snow and ice at the entrances and exits of said property;

-6-

l.      Was otherwise careless and negligent in the operation of its premises.

16.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, EASY STREET PROPERTY MANAGEMENT, LLC, the Plaintiff, PAULA VALDEZ, sustained severe and permanent injuries of a personal and pecuniary nature; both internally and externally, and was and will be hindered and prevented from attending to his usual duties and affairs of life, and has lost and will in the future lose value of that time as aforementioned.

17.     As a direct and proximate result of the aforesaid careless and negligent acts of the Defendant, EASY STREET PROPERTY MANAGEMENT, LLC, the Plaintiff, PAULA VALDEZ, then and there suffered great pain and anguish, both in mind and body and will in the future continue to suffer.  The Plaintiff further expended and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, PAULA VALDEZ, prays for judgment in his favor and against the Defendant, EASY STREET PROPERTY MANAGEMENT, LLC, in a sum in excess of Fifty Thousand ($50,000.00) Dollars and costs of this suit.

## COUNT III
### Respondent In Discovery - Matthew Larson

NOW COMES the Plaintiff, PAULA VALDEZ, by and through her attorney, Patrick E. Halliday, and designating MATTHEW LARSON, who is believed to have information essential to the determination of who should properly be named as additional defendants in this action pursuant to 735 ILCS 5/402.

Respectfully submitted,

PAULA VALDEZ, Plaintiff

By: _____
*Attorney for the Plaintiff*

Patrick E. Halliday (#6281828)
**HALLIDAY MCCALL**
1225 N. North Street
Peoria, IL 61606
T: (309) 377-4357
F: (309) 673-1201
patrick@hallidaymccall.com

-8-

FILED
11/2/2021 10:32 AM
TAMMY WEIKERT, CIRCUIT CLERK
ROCK ISLAND COUNTY, IL

IN THE CIRCUIT COURT OF THE 14th JUDICIAL CIRCUIT
ROCK ISLAND COUNTY, ILLINOIS

| | |
|---|---|
| PAULA VALDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) Case No. 2021L112 |
| | ) |
| QCA HOLDINGS, LLC; and | ) |
| EASY STREET PROPERTY MANAGEMENT, LLC; | ) |
| | ) |
| Defendants, | ) |
| | ) |
| MATTHEW LARSON, | ) |
| | ) |
| Respondent-In-Discovery. | ) |

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222

Pursuant to Supreme Court Rule 222(B), counsel for the above-named plaintiff certifies that plaintiff seeks money damages in excess of Fifty Thousand and 00/100 Dollars ($50,000.00).

Respectfully submitted,

By: _____
*Attorney for Plaintiff*

Patrick E. Halliday (ARDC#: 6281828)
**HALLIDAY MCCALL**
1225 N. North Street
Peoria, IL  61606
T:  (309) 377-4357
F:  (309) 673-1201
patrick@hallidaymccall.com

-9-

FILED
11/2/2021 10:32 AM
TAMMY WEIKERT, CIRCUIT CLERK
ROCK ISLAND COUNTY, IL

IN THE CIRCUIT COURT OF THE 14th JUDICIAL CIRCUIT
ROCK ISLAND COUNTY, ILLINOIS

PAULA VALDEZ,                                    )
                                                )
                    Plaintiff,                  )
                                                )
    Vs.                                         )         Case No. 2021L112
                                                )
QCA HOLDINGS, LLC; and                          )
EASY STREET PROPERTY MANAGEMENT, LLC;           )
                                                )
                    Defendants,                 )
                                                )
MATTHEW LARSON,                                 )
                                                )
                    Respondent-In-Discovery.    )

## JURY DEMAND

Plaintiff hereby demands a trial by 12-person jury.

Respectfully submitted,

By: _____
    *Attorney for Plaintiff*

Patrick E. Halliday (ARDC#: 6281828)
**HALLIDAY MCCALL**
1225 N. North Street
Peoria, IL 61606
T: (309) 377-4357
F: (309) 673-1201
patrick@hallidaymccall.com

-10-

IN THE CIRCUIT COURT OF THE 14th JUDICIAL CIRCUIT OF ILLINOIS
ROCK ISLAND COUNTY

| | | |
|---|---|---|
| PAULA VALDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2021 L 112 |
| | ) | |
| QCA HOLDINGS, LLC; and | ) | |
| EASY STREET PROPERTY MANAGEMENT, LLC; | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| MATTHEW LARSON, | ) | |
| | ) | |
| Respondent-in-Discovery. | ) | |

## SUMMONS

**TO:**  **QCA HOLDINGS, LLC**
**c/o Frank L. Nowinski – Registered Agent**
**1000 36th Avenue**
**Moline, IL 61265**

You are summoned and required to file an answer to the Complaint at Law in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of this Court, 1317 3rd Avenue, Rock Island, IL 61201 within **thirty (30) days** after service of this Summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGEMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT AT LAW.**

**TO:**  **THE OFFICER:** This Summons must be returned by the Officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than **fourteen (14) days** before the day for appearance. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than **thirty (30) days** after its date.

11/3/2021

WITNESS, _____, 2021.

_Tammy Weikert_ AG

(seal of Court)

Patrick E. Halliday
Halliday McCall
1225 N. North Street
Peoria, IL 61606
Telephone: (309) 673-1200
Facsimile: (309) 673-1201
ARDC #: 6281828
patrick@hallidaymccall.com

1

## SERVICE FEES

| | | |
|---|---|---|
| Service and Return | $ | _____ |
| Miles | | _____ |
| Total | $ | _____ |

I certify that I served this Summons on Defendant(s) as follows:
**(Check appropriate box, and complete information below.)**

_____ **A.** **Individual Defendant(s)—Personal**
By leaving a copy of the Complaint at Law with each individual defendant personally.

_____ **B.** **Individual Defendant(s)—Abode**
By leaving a copy and a copy of the Complaint at Law at the usual place of abode of each individual defendant with a person of his or her family, of the age of 13 years or upwards, informing that person of the contents and also by sending a copy of the Summons in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his or her usual place of abode.

_____ **C.** **Corporation Defendant(s)**
By leaving a copy of the Complaint at Law with the Registered Agent, an officer, or an agent of each defendant corporation.

_____ **D.** **Other Service**

**Name of Person Being Served:**                    **Name of Person Being Served:**

_____                    _____

**Name of Person Summons Given To:**                **Name of Person Summons Given To:**

_____                    _____

**Sex:**_____ **Race:**_____ **Age:**_____      **Sex:**____ **Race:**_____ **Age:**_____

**Place of Service:**                                **Place of Service:**

_____                    _____

**Date of Service:**                                **Date of Service:**

_____                    _____

**Time:**_____               **Time:**_____

**Date of Mailing:**_____               **Date of Mailing:**_____

                    **By:**      _____

                    **County:**  _____

2

FILED
11/2/2021 10:32 AM
TAMMY WEIKERT, CIRCUIT CLERK
ROCK ISLAND COUNTY, IL

IN THE CIRCUIT COURT OF THE 14th JUDICIAL CIRCUIT
ROCK ISLAND COUNTY, ILLINOIS

| | | |
|---|---|---|
| PAULA VALDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Case No. 2021L112 |
| | ) | |
| QCA HOLDINGS, LLC; and | ) | |
| EASY STREET PROPERTY MANAGEMENT, LLC; | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| MATTHEW LARSON, | ) | |
| | ) | |
| Respondent-In-Discovery. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, PAULA VALDEZ, by and through her attorneys, HALLIDAY MCCALL and complaining of the Defendants, QCA HOLDINGS, LLC, and EASY STREET PROPERY MANAGEMENT, LLC. In support thereof, Plaintiff states as follows:

### COUNT I
### (Premises/Negligence – Paula Valdez v. QCA Holdings, LLC)

1.      On or about November 2, 2019, and at all times material, Plaintiff, PAULA VALDEZ, was resident and/or guest and lawfully on the premises of the property otherwise known as a commercial and residential apartment complex located at 1524 38th Street, in the City of Rock Island, County of Rock Island, State of Illinois.

2.      At the aforesaid time and place, the Plaintiff, PAULA VALDEZ, was lawfully on said premises and held a lease with the Defendants, QCA HOLDINGS, LLC and EASY STREET PROPERTY MANAGEMENT, LLC.

3. On or about November 2, 2019, and at all times material, the Defendant, QCA HOLDINGS, LLC, was an Illinois based company licensed to do business in Illinois and operated commercial and residential housing complexes and/or apartments.

4. On or about November 2, 2019, and at all times material, the Defendant, QCA HOLDINGS, LLC T, owned, operated, managed and/or maintained and had a duty to own, operate, manage and/or maintain said property, both individually and by and/or through its agents, servants and/or employees, the property and premises located at 1524 38th Street, in the City of Rock Island, County of Rock Island, State of Illinois.

5. At the aforesaid time and place, the Defendant, QCA HOLDINGS, LLC, individually and/or by and through its agents, servants and/or employees failed to properly maintain the aforementioned property and premises including the entrances and exits, all exterior walkways and outside gutters and building drainage in such a manner so as to avoid injury to individuals lawfully on the premises.

6. At the aforesaid time and place, as the Plaintiff, PAULA VALDEZ, was lawfully exiting her residence at 1524 38th Street, Rock Island, IL, when she fell due to uneven exit and/or entrance that had unnatural ice and snow conditions, sustaining severe and permanent injuries.

7. That in the days leading up to her fall, she repeatedly informed Defendant of the dangerous conditions surrounding the building including the sheets of ice at or near all the exits.

8. At the aforesaid time and place, the Defendant, QCA HOLDINGS, LLC, individually and/or by and through its agents, servants and/or employees, had a duty to maintain the aforementioned property and premises, all walkways, entrances and exits to the building, as well as drainage and gutters, in a reasonably safe condition and free from unnatural accumulations of snow and ice for persons lawfully on said premises, including the Plaintiff PAULA VALDEZ.

-2-

9.      At the aforesaid time and place, the Defendant, QCA HOLDINGS, LLC, by and through its agents, servants and/or employees, disregarded said duty and caused the entrances and exits and all means of ingress and egress of said residence to become unreasonably dangerous with unnatural accumulations of snow and ice as they failed to properly maintain said conditions on the aforementioned property and premises including the removal of said ice and snow.

10.     The Defendant, QCA HOLDINGS, LLC, also allowed the exterior gutters and building drainage to become in a poorly maintained state allowing several leaks and pooling of water and ice rendering exits unsafe for use, and as a result of this dangerous condition, the Plaintiff fell causing severe injuries.

11.     That prior to November 2, 2019, the Plaintiff, PAULA VALDEZ, on multiple occasions informed Defendant, QCA HOLDINGS, LLC, and EAST STREET PROPERTY MANAGEMENT that she had a dangerous condition outside her residence and that neither took action in response to her requests for repair and for removal of the ice and snow as well as the defect creating said condition.

12.     At the aforesaid time and place, the Defendant, QCA HOLDINGS, LLC, as the owner and/or maintainer of the aforementioned property and premises, either individually or by and through its agents, servants and/or employees acted with less than reasonable care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a.      Improperly operated, managed, maintained and controlled its premises in failing to properly maintain the aforementioned entrances and exits on the premises;

    b.      Failed to provide level and even surfaces in the aforementioned entrances and exits of the premises for an unreasonable length of time;

    c.      Failed to warn the Plaintiff and other persons lawfully on said premises of the dangerous condition when Defendants knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff and others;

-3-

d.    Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises;

e.    Allowed the aforementioned premises to remain in a dangerously unstable condition, making entrances and exits unfit for passage, for an unreasonable length of time;

f.    Failed to maintain and ensure proper and safe drainage from the building to prevent unnatural accumulations of snow and ice located at or near the entrances and exits of said property;

g.    Failed to maintain the exits and entrances to the apartment and said property.

h.    Failed to timely and properly remove unnatural accumulations of snow and ice at the entrances and exits of said property;

i.    Negligently and improperly allows pools of ice to form at the entrances and exits of said building;

j.    Improperly ignored and failed to inspect said dangerous condition after being notified multiple times by plaintiff of the dangerous living conditions including the poor condition of the drainage and gutters;

k.    Improperly and negligently allowed a defect in the property to create unnatural accumulations of snow and ice at the entrances and exits of said property;

l.    Was otherwise careless and negligent in the operation of its premises.

13.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions by the Defendant,  QCA HOLDINGS, LLC, the Plaintiff, PAULA VALDEZ, sustained severe and permanent injuries of a personal and pecuniary nature; both internally and externally, and was and will be hindered and prevented from attending to her usual duties and affairs of life, and has lost and will in the future lose value of that time as aforementioned.

14.    As a direct and proximate result of the aforesaid careless and negligent acts of the Defendant, QCA HOLDINGS, LLC, the Plaintiff, PAULA VALDEZ, then and there suffered great pain and anguish, both in mind and body and will in the future continue to suffer.  The Plaintiff

-4-

further expended and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, PAULA VALDEZ, prays for judgment in his favor and against the Defendant, QCA HOLDINGS, LLC, in a sum in excess of Fifty Thousand ($50,000.00) Dollars and costs of this suit.

## COUNT II
**(Premises/Negligence – Paula Valdez v. Easy Street Property Management, LLC)**

1.      Plaintiff restates and realleges paragraphs 1 through 11 of Count I as and for paragraphs 1 through 11 of this Count II.

12.     That on or about November 2, 2019, and at all times material, the Defendant, EASY STREET PROPERTY MANAGEMENT, LLC, was hired and/or contracted by co-Defendant, QCA HOLDINGS, LLC, to provide property management and maintenance services including the upkeep of commercial spaces, private residences and common areas accessible to Plaintiff, PAULA VALDEZ.

13.     That on or about November 2, 2019, and at all times material, the Defendant, EASY STREET PROPERTY MANAGEMENT, LLC, was responsible for maintaining the entrances and exits, flooring, building drainage and repairs of any nature of said property including, but not limited to, upkeep and repair, removal and replacement of dangerous property conditions including the removal of unnatural accumulations of snow and ice.

14.     That on or about November 2, 2019 and at all times material, the Defendant, EASY STREET PROPERTY MANAGEMENT, LLC, had a duty to maintain and upkeep the facility so as to prevent dangerous conditions from forming on the property and preventing injuries to those persons lawfully upon said premises.

15.     At the aforesaid time and place, the Defendant, EASY STREET PROPERTY

MANAGEMENT, LLC, by and through its agents, servants and/or employees acted with less than

reasonable care and was then and there guilty of one or more of the following careless and negligent

acts and/or omissions:

    a.    Improperly operated, managed, maintained and controlled its premises in failing to properly maintain the aforementioned entrances and exits on the premises;

    b.    Failed to provide level and even surfaces in the aforementioned entrances and exits of the premises for an unreasonable length of time;

    c.    Failed to warn the Plaintiff and other persons lawfully on said premises of the dangerous condition when Defendants knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff and others;

    d.    Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises;

    e.    Allowed the aforementioned premises to remain in a dangerously unstable condition, making entrances and exits unfit for passage, for an unreasonable length of time;

    f.    Failed to maintain and ensure proper and safe drainage from the building to prevent unnatural accumulations of snow and ice located at or near the entrances and exits of said property;

    g.    Failed to maintain the exits and entrances to the apartment and said property.

    h.    Failed to timely and properly removed unnatural accumulations of snow and ice at the entrances and exits of said property;

    i.    Negligently and improperly allowed pools of ice to form at the entrances and exits of said building;

    j.    Improperly ignored and failed to inspect said dangerous condition after being notified multiple times by plaintiff of the dangerous living conditions including the poor condition of the drainage and gutters;

    k.    Improperly and negligently allowed a defect in the property to create unnatural accumulations of snow and ice at the entrances and exits of said property;

l.      Was otherwise careless and negligent in the operation of its premises.

16.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, EASY STREET PROPERTY MANAGEMENT, LLC, the Plaintiff, PAULA VALDEZ, sustained severe and permanent injuries of a personal and pecuniary nature; both internally and externally, and was and will be hindered and prevented from attending to his usual duties and affairs of life, and has lost and will in the future lose value of that time as aforementioned.

17.     As a direct and proximate result of the aforesaid careless and negligent acts of the Defendant, EASY STREET PROPERTY MANAGEMENT, LLC, the Plaintiff, PAULA VALDEZ, then and there suffered great pain and anguish, both in mind and body and will in the future continue to suffer.  The Plaintiff further expended and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, PAULA VALDEZ, prays for judgment in his favor and against the Defendant, EASY STREET PROPERTY MANAGEMENT, LLC, in a sum in excess of Fifty Thousand ($50,000.00) Dollars and costs of this suit.

## COUNT III
### Respondent In Discovery - Matthew Larson

NOW COMES the Plaintiff, PAULA VALDEZ, by and through her attorney, Patrick E. Halliday, and designating MATTHEW LARSON, who is believed to have information essential to the determination of who should properly be named as additional defendants in this action pursuant to 735 ILCS 5/402.

Respectfully submitted,

PAULA VALDEZ, Plaintiff

By: _____
Attorney for the Plaintiff

Patrick E. Halliday (#6281828)
**HALLIDAY MCCALL**
1225 N. North Street
Peoria, IL 61606
T: (309) 377-4357
F: (309) 673-1201
patrick@hallidaymccall.com

-8-

FILED
11/2/2021 10:32 AM
TAMMY WEIKERT, CIRCUIT CLERK
ROCK ISLAND COUNTY, IL

IN THE CIRCUIT COURT OF THE 14th JUDICIAL CIRCUIT
ROCK ISLAND COUNTY, ILLINOIS

| | | |
|---|---|---|
| PAULA VALDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Case No. 2021L112 |
| | ) | |
| QCA HOLDINGS, LLC; and | ) | |
| EASY STREET PROPERTY MANAGEMENT, LLC; | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| MATTHEW LARSON, | ) | |
| | ) | |
| Respondent-In-Discovery. | ) | |

### AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222

Pursuant to Supreme Court Rule 222(B), counsel for the above-named plaintiff certifies that plaintiff seeks money damages in excess of Fifty Thousand and 00/100 Dollars ($50,000.00).


Respectfully submitted,

By: _____
Attorney for Plaintiff

Patrick E. Halliday (ARDC#: 6281828)
**HALLIDAY MCCALL**
1225 N. North Street
Peoria, IL  61606
T:  (309) 377-4357
F:  (309) 673-1201
patrick@hallidaymccall.com